**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| CRAIG A. RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:23-cv-165 |
| | ) |
| CYBERTEK MSSP, LLC and | ) |
| VENZA LEARNING SOLUTIONS, INC. | ) |
| D/B/A VENZA, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Craig A. Ryan ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against Cybertek MSSP, LLC. and Venza Learning Solutions Inc., d/b/a Venza, Inc. ("Defendants"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

**PARTIES**

2. At all relevant times, Plaintiff has resided in the City of Crestwood, State of Kentucky, and he is a citizen of the State of Kentucky.

3. At all relevant times, the Defendants have maintained one or more offices in, and/or conducted business within, the geographical boundaries of the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 & § 1343, & 42

U.S.C. § 2000e-5(f)(3).

5. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendants are "employer(s)" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Caucasian American male and is (61) years of age.

10. Defendant, Cybertek MSSP, LLC. ("Cybertek"), is an Information Technology Company which provides technical support and consulting services to various businesses.

11. Defendant, Venza Learning Solutions, Inc. d/b/a Venza, Inc. ("Venza") is a company which provides data protection, compliance, and training services for the hospitality industry.

12. Defendant, Cybertek is wholly owned by Defendant, Venza. Venza purchased Cybertek, formerly known as "Cybertek Engineering", in March of 2021, and rebranded it as "Cybertek MSSP, LLC."

13. Plaintiff commenced his employment as a Sales Executive with "Outsource Solutions, LLC.," located in New Albany, Indiana, in September of 2014.

14. In or around March 2022, "Outsource Solutions" was acquired by, and/or became a part of, Defendant, Cybertek. Plaintiff continued working for Cybertek/Venza out of the same New Albany, Indiana office.

15. On information and belief, "Outsource Solutions, Inc." and subsequently, Cybertek, staffed employees for another company commonly known as "Backup Assist" a/k/a "Cortex Cyber," which is based out of Australia.

16. While working for "Outsource Solutions, Inc. (initially), and then subsequently while working for Cybertek/Venza, the Plaintiff was tasked with working with "Backup Assist."

17. At all relevant times, Plaintiff's work performance met and/or exceeded the Defendants' reasonable expectations. In fact, he had not received any reprimands or formal discipline.

18. On or about August 22, 2022, Plaintiff received a Termination Notice from Cybertek indicating his last day of full required attendance would be August 26th, 2022. However, Cybertek requested that Plaintiff "stay on" for several more weeks after that in order to assist Wilson Nehu, CEO of "BackupAssist," in the transition process.

19. At the time he received the Termination Notice, Plaintiff was employed by Cybertek and worked with Backup Assist as the "Global Manager of Client Success (Sales)." In this capacity, he was part of the company's Executive Team.

20. The Termination Notice on 8/22/22 did not provide a reason for Ryan's termination, however the Defendants subsequently indicated that the termination was purportedly for Plaintiff not being aggressive enough recruiting new persons.

21. In meetings held by Executives with Backup Assist, including but not limited to, Linus Chang, Founder, Wilson Nehu, President/CEO, and Carmel Flannery, GM and CFO, they discussed Plaintiff's termination being related to the fact that he was an "older white male from the bible belt." There was further discussion about the need for "young aggressive people on the strategy counsel."

22. Plaintiff was (60) years old at the time of his termination by Defendants and, on information and belief, was the oldest person in his division.

23. On information and belief, Plaintiff was replaced by Bill Beams, who is some 20+ years younger than Plaintiff.

24. Any reasons given by the Defendants for Plaintiff's termination are simply pretext.

25. Defendant terminated Plaintiff because of his age, race, national origin, and/or sex.

26. Defendants have violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").

27. Plaintiff has suffered, and continues to suffer, injuries as a result of the Defendants' unlawful conduct.

28. Plaintiff requests that the Defendants compensate him for his injuries.

## COUNT I

## TITLE VII-SEX DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs 1 – 28 of his Complaint as if fully set forth herein.

30. Defendants took adverse employment actions against Plaintiff because of his sex.

31. Defendants treated Plaintiff's similarly-situated female co-workers more favorably than it has treated Plaintiff.

32. Defendants terminated Plaintiff's employment due to his sex.

33. Defendants' unlawful actions were intentional, willful and done in reckless of Plaintiff's rights under Title VII and have caused and continue to cause harm to Plaintiff.

## COUNT II

## TITLE VII-NATIONAL ORIGIN DISCRIMINATION

34. Plaintiff hereby incorporates paragraphs 1 – 33 of his Complaint as if fully set forth herein.

35. Defendants took adverse employment actions against Plaintiff because of his national origin.

36. Defendants treated Plaintiff's similarly-situated co-workers who were not of U.S. national origin more favorably than it has treated Plaintiff.

37. Defendants' unlawful actions were intentional, willful, and done in reckless of Plaintiff's rights under Title VII and have caused and continue to cause harm to Plaintiff.

## COUNT III

## TITLE VII- RACE DISCRIMINATION

38. Plaintiff hereby incorporates paragraphs 1-37 of his Complaint as if fully set forth herein.

39. Defendants took adverse employment actions against Plaintiff due to his race.

40. Other, similarly situated employees who are not Caucasian were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions.

41. Defendants' unlawful actions were intentional, willful, and done in reckless

disregard of Plaintiff's rights as protected by Title VII.

42. Plaintiff has been injured as a result of Defendants' unlawful actions.

## COUNT IV

## AGE DISCRIMINATION-ADEA

43. Plaintiff hereby incorporates paragraphs 1-42 of his Complaint.

44. Defendants has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff.

45. Defendants took adverse employment actions against Plaintiff due to his age.

46. Defendants' actions were intentional, willful, and done in reckless disregard of Plaintiffs rights as protected by the ADEA.

47. Plaintiff has been and continues to be harmed as a result of Defendants' unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Craig A. Ryan, respectfully requests that this Court find for him and order that:

1. Defendants reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendants pay lost wages and benefits to Plaintiff;

3. Defendants pay compensatory and punitive damages to Plaintiff;

4. Defendants pay pre- and post-judgment interest to Plaintiff;

5. Defendants pay Plaintiff's attorneys' fees and costs incurred in this action; and

6. Defendants pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Chad M. Buell*
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Chad M. Buell*
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com